IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERRY D. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0974-CV-W-ODS |
| ) | |
| BOB EVANS FARMS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER AND OPINION GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT</u>**

Defendants Joy Willis, Teresa Scroggins, and Bob Evans Farms, Inc. ("Defendants") move for summary judgment (Doc. #44). For the following reasons, Defendants' motion is granted.

## I. BACKGROUND

The Court has reviewed the record. The following facts are either uncontroverted or controverted but construed in Plaintiff's favor.

Jerry D. Jones ("Plaintiff") and his then-wife Sharron Shores, filed for Chapter 13 bankruptcy on September 30, 2009. (Doc. 44, Ex. 2E).[1] Plaintiff's bankruptcy plan was amended more than once. On one such occasion, Plaintiff's bankruptcy plan was amended to add a pending worker's compensation claim of Shores's. (Doc. 44, Ex. 2H, Ex. 2I). On November 27, 2012, Plaintiff filed an EEOC/MHRC Charge of Discrimination against Defendants. (Doc. 44, Ex. 2C). On July 3, 2014, Plaintiff's bankruptcy was discharged. (Doc. 44, Ex. 2M). Plaintiff did not repay all of his creditors in his bankruptcy proceeding. The bankruptcy court discharged $146,499.56 in unsecured claims. (Doc. 55-1).

On August 16, 2013, Plaintiff filed this lawsuit against defendants alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

---

[1] A court may take judicial notice of public records and court opinions. *Stutzka v. McCarville*, 420 F.3d 757, 762 n. 2 (8th Cir. 2005).

2000e; the Equal Pay Act, 29 U.S.C. § 206(d); 42 U.S.C. § 1981 and §1983, and Missouri statute § 213.055.  Plaintiff did not list his EEOC/MHRC Charge of Discrimination ("the Charge") or this lawsuit in his bankruptcy filings.  (Doc. 44, Ex. 2E).  Plaintiff never disclosed the Charge or this lawsuit to the bankruptcy court, nor did he amend his bankruptcy filings to reflect the Charge or this lawsuit.

## II.   DISCUSSION

### A.  Summary Judgment Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 2986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted).  In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

### B.  Judicial Estoppel

Defendants argue Plaintiff's claims should be judicially estopped, because Plaintiff failed to disclose these claims in bankruptcy proceedings.  "The doctrine of judicial estoppel protects the integrity of the judicial process."  *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (citations and quotations omitted).

2

In determining whether judicial estoppel should be applied, courts consider the factors set forth in *New Hampshire v. Maine*: (1) whether the positions a party took in the two proceedings are inconsistent, (2) whether either court has accepted the position in such a manner that either the first or second court would appear to have been misled, and (3) whether the party asserting inconsistent positions would derive an unfair advantage or impose an unfair detriment. 532 U.S. 742, 750-51 (2001). The third factor is not satisfied if a party's actions were inadvertent or a good faith mistake. *Id*. at 753.

### 1. First Factor

The Court must determine whether Plaintiff's position in this Court is inconsistent with the earlier position Plaintiff took in bankruptcy court. The Bankruptcy Code requires a debtor to file a schedule of assets and liabilities. 11 U.S.C. § 521(a)(1). Bankruptcy estate property "includes property acquired during the pendency" of the bankruptcy case. *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1224 (8th Cir. 2001); *see* 11 U.S.C. § 1306(a)(1). "A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *Stallings*, 447 F.3d at 1047 (quotations and citation omitted).

Plaintiff appears to argue that because he did not file this lawsuit until after he filed for bankruptcy, judicial estoppel is inapplicable. However, this is not the legal standard. Rather, a debtor in bankruptcy proceedings has a continuing obligation to "amend his financial statements if circumstances change." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002); *see also Stallings*, 447 F.3d at 1049 (Plaintiff asserting claims in lawsuit was "clearly inconsistent" when he did not amend his existing Chapter 13 bankruptcy filings to reflect the subsequently filed lawsuit). Plaintiff filed this lawsuit on August 16, 2013, approximately four years after he filed for bankruptcy. Plaintiff does not dispute that he did not amend his bankruptcy schedules to reflect the claims he asserts in this lawsuit. Thus, Plaintiff is asserting claims against Defendants that he represented did not exist to the bankruptcy court. Accordingly, the first factor is satisfied.

### 2. Second Factor

Next, the Court must determine whether the bankruptcy court adopted Plaintiff's position that he had no causes of action against Defendants. This factor is met if a party's bankruptcy has been discharged. *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 679-80 (8th Cir. 2012); *Wells v. Fedex Ground Package System, Inc.*, 979 F. Supp. 2d 1006, 1035 (E.D. Mo. 2013); *Tokheim v. Georgia-Pacific Gypsum LLC*, 606 F. Supp. 2d 988, 997 (N.D. Ia. 2009).

Plaintiff's bankruptcy was discharged on July 3, 2014. Plaintiff seems to argue that the bankruptcy court did not rely on his failure to report this lawsuit because he was "faithfully paying off the bankruptcy charges." Pl's Opp., 10. However, Plaintiff did not repay all of his creditors in his bankruptcy proceeding. Rather, the bankruptcy court discharged without payment $146,499.56 in unsecured claims. *See Tokheim*, 606 F. Supp.2d at 997 (finding bankruptcy court relied on Plaintiff's failure to report lawsuit when Plaintiff bankruptcy plan did not require her to pay 100% of her creditors). Consequently, the second factor is satisfied.

### 3. Third Factor

The Court must determine if the party asserting inconsistent positions would gain an unfair advantage. Here, Plaintiff gained an unfair advantage because his debts were discharged while he maintained the ability to recover monetary damages from this lawsuit. Creditors have been deprived of the opportunity to receive payments from any proceeds Plaintiff might recover. Thus, the third factor is satisfied.

### 4. Inadvertence or Good Faith Mistake

Finally, the Court must determine if Plaintiff's actions were due to inadvertence or a good faith mistake. Plaintiff argues that because he waited four years after his bankruptcy filing to bring this lawsuit he did not engage in "an intentional manipulation designed to flaunt the judicial process." Pl's Opp., 10. The Court does not find this argument persuasive. A party's actions are inadvertent only when the party did not know about the undisclosed claims or had no motive to conceal them. *Stallings*, 447

4

F.3d at 1048. Plaintiff clearly had knowledge of the undisclosed claims, as he filed this lawsuit during the pendency of his bankruptcy proceedings.

Next, Plaintiff relies on *EEOC v. Apria Healthcare Group* to argue that Chapter 13 debtors do not have a motive to "secret assets…[because] Chapter 13 creditors are repaid out of the debtor's income." 222 F.R.D. 608, 613, n. 3 (E.D. Mo. 2004). Again, Plaintiff seems to be suggesting that he repaid all of his creditors, and consequently, he had no motive to conceal this lawsuit from the bankruptcy court. However, as discussed in Section II.B.2, Plaintiff did not repay all of his creditors in his bankruptcy. Therefore, this argument is irrelevant here. Additionally, *Apria* is factually distinguishable from this case, because in that case the EEOC was the plaintiff, not the Chapter 13 debtor. The *Apria* Court determined that the traditional judicial estoppel analysis was not applicable because, "Ms. Ayers [the Chapter 13 debtor] did not file this action, is not a party to this action, and had no control over the EEOC's decision to bring this action." *EEOC v. Apria Healthcare Group*, 222 F.R.D. 608, 613.

Finally, this is not the first time Plaintiff has not disclosed a pending claim to the bankruptcy court. Plaintiff's bankruptcy plan was amended on more than one occasion. One reason for the amendments was that in late 2009 the bankruptcy trustee discovered Plaintiff's then-wife had a pending worker's compensation claim that was not listed in the bankruptcy filings. Plaintiff's bankruptcy plan eventually was amended to reflect this pending claim. By the time Plaintiff filed this lawsuit in August 2012, he would have understood that he was required to amend his bankruptcy filings to reflect pending legal claims.

In sum, the Court holds that all three factors enumerated in *New Hampshire v. Maine* have been satisfied in this case. Further, the Court finds Plaintiff's actions were not due to inadvertence or a good faith mistake. Thus, Plaintiff is judicially estopped from asserting his claims in this lawsuit. Because this provides sufficient grounds for the Court to grant summary judgment in Defendants' favor, the Court need not address the remainder of Defendants' arguments in support of their Motion for Summary Judgment.

5

### 5. Defendant Nick Noble

While the Eighth Circuit has not specifically stated so, other circuits have held judicial estoppel may be raised sua sponte. "[J]udicial estoppel…can be raised by courts *sua sponte* because judicial estoppel concerns the integrity of the judicial system independent of the interest of the parties." *In re Airadigm Communications*, Inc., 616 F.3d 642, 661 n. 14 (7th Cir. 2010); *see also Kaiser v. Bowlen*, 455 F.3d 1197, 1205 (10th Cir. 2006); *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 530 (5th Cir. 2000).[2] The remaining defendant in this case, Nick Noble, has not moved for summary judgment. The Court finds that for the reasons outlined above, the doctrine of judicial estoppel also bars Plaintiff's claims against Noble.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 3, 2015 UNITED STATES DISTRICT COURT

---

[2] An unpublished opinion from the Sixth Circuit also supports this view. *See DeMarco v. Ohio Decorative Products, Inc.*, 19 F.3d 1432 (6th Cir. 1994).